UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**RANDAL WAYNE ADAMS,**

    **Plaintiff,**

v.                                                   Case No: 5:12-CV-84-Oc-PRL

**COMMISSIONER OF SOCIAL SECURITY**

    **Defendant.**
_____/

## ORDER

Pending before the Court is Defendant's Unopposed Motion for Entry of Judgment with Remand. (Doc. 18.) Defendant represents that Plaintiff has no objection to the remand. For the reasons that follow, Defendant's Motion is **GRANTED**.

Defendant (the "Commissioner") filed the instant Motion (Doc. 18) requesting that the Court remand this case to the Commissioner for the following reasons:

> The Commissioner believes remand would be appropriate to further evaluate Plaintiff's claim. On remand, Plaintiff shall be given an opportunity to testify at a hearing and present additional evidence deemed relevant. The ALJ should account for limitations caused by Plaintiff's depression in the residual functional capacity finding and hypothetical question to the VE. The ALJ should discuss the medical and non-medical evidence relating to Plaintiff's deficiencies or difficulties in concentration, persistence or pace. Finally, the ALJ should properly account for any limitations in Plaintiff's concentration, persistence and pace in the residual functional capacity finding and hypothetical question to the VE.

Pursuant to Title 42, United States Code, Section 405(g), the Court is empowered to reverse the decision of the Commissioner with or without remanding the cause for a rehearing. *Shalala v. Schaefer*, 113 S.Ct. 2625 (1993). The failure of the ALJ to develop the record constitutes sufficient grounds for remand. *Brisette v. Heckler*,

730 F.2d 548 (8th Cir. 1984), *appeal after remand* 613 F. Supp. 722 (E.D. Mo. 1985), *judgment aff'd in part, rev'd in part,* 784 F.2d 864 (8th Cir. 1986).  Where the district court cannot discern the basis for the Commissioner's decision, a sentence-four remand may be appropriate to allow him to explain the basis for his decision.  *Falcon v. Heckler*, 732 F.2d 827, 829-30 (11th Cir. 1984) (holding remand was appropriate to allow the ALJ to explain the basis for the determination that the claimant's depression did not significantly affect her ability to work and treating psychologist acknowledged that claimant had improved in response to treatment and could work in a supportive, noncompetitive, tailor-made work environment).  On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence. *Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (finding that it was necessary for the ALJ on remand to consider psychiatric report tendered to Appeals Council); *Reeves v. Heckler*, 734 F.2d 519, 522 n. 1 (11th Cir. 1984) (holding that the ALJ should consider on remand the need for an orthopedic evaluation).

Following a careful review of the record and in light of Plaintiff's consent, the Court agrees with the parties that it is appropriate to remand this matter to the Commissioner.  Accordingly, it is **ORDERED AND ADJUDGED** that:

(1) Defendant's Motion (Doc. 18) is **GRANTED**.

(2) This action is **REVERSED AND REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g)[1] to the Commissioner for the following reason:

> The Commissioner believes remand would be appropriate to further evaluate Plaintiff's claim.  On remand, Plaintiff shall be given an

---

[1] Remand pursuant to sentence four of § 405(g) makes Plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, and terminates the Court's jurisdiction over this matter.  *Shalala v. Schaefer*, 113 S.Ct. 2625 (1993).

opportunity to testify at a hearing and present additional evidence deemed relevant. The ALJ should account for limitations caused by Plaintiff's depression in the residual functional capacity finding and hypothetical question to the VE. The ALJ should discuss the medical and non-medical evidence relating to Plaintiff's deficiencies or difficulties in concentration, persistence or pace. Finally, the ALJ should properly account for any limitations in Plaintiff's concentration, persistence and pace in the residual functional capacity finding and hypothetical question to the VE.

(3) The Clerk is **DIRECTED** to enter judgment accordingly, terminate any pending motions, and close the file.

(4) The deadline to file a motion for attorney's fees pursuant to 42 U.S.C. § 406(b) shall be **thirty (30) days** after Plaintiff receives notice from the Social Security Administration of the amount of past due benefits awarded. Upon receipt of the notice, counsel for Plaintiff shall promptly email Mr. Rudy and the OGC attorney assigned to the case to advise that the notice has been received.

**IT IS SO ORDERED**.

**DONE** and **ORDERED** in Ocala, Florida on September 17, 2012.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

All Counsel