UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**RANDAL WAYNE ADAMS,**

    **Plaintiff,**

v.                                                                                           Case No:  5:12-CV-84-Oc-PRL

**COMMISSIONER OF SOCIAL SECURITY**

    **Defendant.**

## **ORDER**

Pending before the Court is Plaintiff's Uncontested Petition for Attorney's Fees. (Doc. 23.)  Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), Plaintiff requests an award of fees in the amount of $4,175.21.  The schedule of hours submitted by Plaintiff confirms the attorney hours.  (Doc. 23.)  Plaintiff represents that the Commissioner has no objection to his Petition.

Plaintiff asserts that he is the prevailing party in this litigation, that the Commissioner's position in the underlying action and this litigation was not substantially justified, and that his net worth at the time the proceeding was filed was less than two million dollars.[1]  On September 17, 2012, the Court entered an Order reversing and remanding this cause back to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. 405(g).  (Doc. 19.)  The same day, the Clerk entered

---

[1] Under the EAJA, a claimant is eligible for an attorney fee award where: (1) the claimant is a prevailing party in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the claimant filed a timely application for attorney's fees; (4) the claimant had a net worth of less than $2 million at the time the complaint was filed; and (5) there are no special circumstances which would make the award of fees unjust.  28 U.S.C. § 2412(d).

Judgment. (Doc. 19.) On September 21, 2012, Plaintiff filed the instant Petition (Doc. 23).

Plaintiff attached a copy of the fee agreement, which includes Plaintiff's assignment of EAJA fees to his counsel. In light of the assignment, Plaintiff requests that the payment should be made payable to Plaintiff and delivered to Plaintiff's counsel unless Plaintiff owes a federal debt. If the U.S. Department of the Treasury determines that Plaintiff does not owe a federal debt, the government will accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel.

Pursuant to the provision of the EAJA (28 U.S.C. § 2412(d)), Plaintiff's Uncontested Petition (Doc. 23) is **GRANTED**. Plaintiff is awarded attorney's fees in the amount of **$4,175.21.** Payment is authorized to Plaintiff's counsel if the Commissioner determines Plaintiff does not owe a debt to the government.

**IT IS SO ORDERED.**

**DONE and ORDERED** in Ocala, Florida on October 2, 2012.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies to:
All Counsel